| ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Yvonne L. Hughes, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Hughes, 04-1620 (La.7/2/04), 876 So.2d 772.
*576 Respondent was admitted to the Louisiana bar in 1982. On January 1, 2001, respondent assumed the office of judge for Division “C” of the Orleans Parish Juvenile Court. On February 12, 2003, this court disqualified respondent from exercising judicial functions during the pendency of proceedings before the Judiciary Commission of Louisiana. In re: Hughes, 03-0255 (La.2/12/03), 841 So.2d 745. On April 22, 2004, we removed respondent from office for her persistent and pervasive pattern of willful misconduct as a judge, as well as in her capacity as a lawyer, notary, and judicial candidate. We also reserved to the disciplinary board the right to institute lawyer disciplinary proceedings against respondent. In re: Hughes, 03-3408 (La.4/22/04), 874 So.2d 746 (“Hughes I”).
On March 17, 2005, the ODC filed two counts of formal charges against respondent, alleging that her conduct violated Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent answered the formal charges and denied any misconduct.
LThis matter proceeded to a formal hearing on August 9, 2005, at which the ODC introduced documentary evidence in support of the formal charges.[1] Despite notice, respondent did not appear at the hearing.
In its report, the hearing committee determined that the ODC proved both counts of formal charges by clear and convincing evidence. The hearing committee recommended that respondent be permanently disbarred.
The disciplinary board agreed with the findings of fact of the hearing committee, and concurred in the recommendation of permanent disbarment for respondent’s “habitual pattern of misconduct as a lawyer, candidate for public office and finally ... as a judge.” Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
Based upon our review of the record, we agree with the hearing committee and the disciplinary board that the only appropriate sanction in this case is permanent disbarment. The seriousness and pervasiveness of respondent’s misconduct in all aspects of her legal career readily demonstrates that she is not fit to maintain her license to practice law.
Accordingly, we will adopt the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Yvonne L. Hughes, Louisiana Bar Roll number 7089, be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. laPursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The documentary evidence consisted of this court’s opinion in Hughes I and the voluminous record of that matter.